UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BETSY CALMA, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:06CV276 CDP |
| | ) | |
| WYETH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on plaintiffs' motion to remand this action to state court.  It was originally filed in state court as part of a case involving multiple plaintiffs, and it was previously removed to this court and remanded back to Missouri state court for lack of subject-matter jurisdiction.  After the plaintiffs' individual claims were severed by the state court, defendants again removed this severed claim.  Before I issued a ruling on plaintiffs' second motion to remand to state court, the matter was transferred to the related multidistrict litigation case. When the case was returned to this court for trial, plaintiffs filed this renewed motion to remand their case to state court.  Because removal by the defendant is barred by the one-year time limitation set forth in 28 U.S.C. § 1446(b), I will grant the motion to remand.

## **Background**

This claim was originally filed in state court on July 7, 2004 as part of a case styled *Paula Ballard, et al. v. Wyeth, et al.*, Civil Case No. 042-07388A.  The original petition joined claims of multiple plaintiffs who alleged injuries stemming from hormone replacement therapy drugs produced or sold by the defendants.  On July 30, 2004, plaintiffs filed an amended petition to add additional plaintiffs. Defendants removed the case to this court in August of 2004, alleging fraudulent misjoinder of plaintiffs.  On November 8, 2004, I concluded that there was not complete diversity of citizenship and granted plaintiffs' motion to remand for lack of subject-matter jurisdiction.  Civil Case. No. 4:04CV1111 CDP.

Upon remand, the defendants filed a motion to sever the claims of the individual plaintiffs.  On August 24, 2005, the state court granted the motion to sever, but it did not dismiss the claims or require that new actions be filed.  Instead, it ordered the plaintiffs to file separate amended complaints.[1]  In accordance with this order, plaintiffs filed their second amended complaint on January 30, 2006. Defendants again removed the case to this court on February 24, 2006, and plaintiffs moved to remand it to state court in March of 2006.  On August 10, 2006,

---

[1]The original order required that the amended complaints use the same *Ballard* case number followed by an individual numerical suffix, but when this was not possible through the clerk's office, each amended complaint was given a new case number.  However, there was also a docket entry on each case stating, "Refer to Cause No. 042-07388A for prior entries," and the amended complaints were indexed with the same filing date as the original case.

the Judicial Panel on Multidistrict Litigation transferred this case to the pending

multidistrict litigation ("MDL") case in the Eastern District of Arkansas, *In re

Prempro Prods. Liab. Litig.*, Case No. 4:03CV1507 WRW (E.D. Ark.).  Once the

case was transferred to the MDL, the pending motion to remand was denied

without prejudice pursuant to a standing order in that case.

The case was remanded to this court from the MDL on March 7, 2012.

Defendants then filed a motion to transfer venue to the Southern District of Texas,

and plaintiffs filed their renewed motion to remand the case to state court.

## Discussion

28 U.S.C. § 1441(a) permits a defendant, under certain circumstances, to

remove a civil action from a state court to a federal district court on the basis of

diversity of citizenship.  It provides as follows:

> [A]ny civil action brought in a State court of which the district courts
> of the United States have original jurisdiction, may be removed by the
> defendant or the defendants, to the district court of the United States
> for the district and division embracing the place where such action is
> pending.

28 U.S.C. § 1441(a).

The procedure for removing a case to federal court is contained in 28 U.S.C.

§ 1446.  At the time that this case was filed, the relevant statutory language

provided:

> The notice of removal of a civil action or proceeding shall be filed
> within thirty days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b)(emphasis added).[2]

Complete diversity now exists and so federal jurisdiction would be proper under 28 U.S.C. § 1332 if the current version of this case had been originally filed in federal court, but for this Court to have removal jurisdiction, the removal must have been proper under the removal statutes.  Plaintiffs argue that remand is required because : (1) removal is barred by the one-year time limit set forth in 28 U.S.C. § 1446; (2) removal was not timely; and (3) removal was barred because the event destroying diversity was not a voluntary act by the plaintiff.  Defendants

_____

[2]This statute was amended in 2011 and currently reads as follows: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  However, "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, *unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action*."  28 U.S.C. § 1446(c)(emphasis added).

oppose each of these bases for remand and also assert that plaintiffs have waived
their right to seek remand at this stage of the litigation.

### One-Year Time Limit Set Forth by 28 U.S.C. § 1446(b)

The one-year time limit contained in 28 U.S.C. § 1446(b) applies to cases
that were not removable to federal court when initially filed, but later became
removable. *See Brown v. Tokio Marine & Fire Ins. Co.*, 284 F.3d 871, 873 (8th
Cir. 2002). When this case was initially filed on July 7, 2004, it was not removable
because complete diversity did not exist. Plaintiffs argue that the one-year
limitation runs from the initial case filing – July 7, 2004 – but defendants argue
that the period did not begin until plaintiffs filed their second amended petition –
January 30, 2006 – in compliance with the state court's severance order.

I conclude that the previous version of § 1446(b) precluded defendants'
removal because the state court severance order provided specific provisions
demonstrating that the amended complaints would not create new actions. The
plaintiffs did not have to pay filing fees or serve process on the defendants. The
state court intended to use the original case number for all of the new amended
complaints and only assigned new case numbers when it was not possible for the
clerk's office to comply with this procedure. And its severance order specifically
stated that the amended complaints were to "be indexed with a filing date the same
as in the original case." (Doc. #17-3).

Defendants argue that because the state court severed the original plaintiffs'
claims pursuant to Missouri Rule 56.02, the amended complaints commenced new
and independent lawsuits.  Rule 56.02 is parallel to Federal Rule of Civil
Procedure 21.  *See State v. Stubbs*, 485 S.W.2d 152, 155 (Mo. Ct. App. 1972).
Thus, like a Rule 21 severance, this severed claim "proceeds as a discrete,
independent action and the trial court may render final, appealable judgment on the
severed claim . . . ."  *E.S. v. Ind. Sch. Dist., No. 196 Rosemount-Apple Valley*, 135
F.3d 566, 568 (8th Cir. 1998).  But even though the plaintiffs' second amended
complaint will proceed as an independent claim from the point it was severed, it
was still part of the original case filed on July 7, 2004, and the state court
recognized that it was commenced then.  Defendant' opportunity to remove was
limited to one year from that original commencement date, and the intervening
removal, remand, and severance have no effect on the one-year time limit.

Defendants alternatively argue that I should recognize an equitable
exception to the one-year time limit because of plaintiffs' forum manipulation.
Courts have disagreed, however, about whether the one-year limit contained in the
previous version of § 1446 is subject to an equitable exception.  *See Tedford v.
Warner-Lambert Co.*, 327 F.3d 423, 425-26 (5th Cir. 2003) (holding that an
equitable exception applied and collecting cases).[3]

---

[3]The legislative history for the 2011 amendment of § 1446 contained an explanation
regarding the varied interpretations of the previous version of the statute:

Although the Eighth Circuit Court of Appeals has not directly decided this issue, it has stated that "[f]ailure of a party to remove within the one year limit precludes any further removal based on diversity." *Lindsey v. Dillard's, Inc.*, 306 F.3d 596, 600 (8th Cir. 2002).  Analysis of a statute must begin with its plain language, and, if unambiguous, that language is conclusive absent legislative intent to the contrary.  *See In re M & S Grading, Inc.*, 457 F.3d 898, 901 (8th Cir. 2006).  The plain language of the previous version of § 1446(b) compels the conclusion that the one-year time limitation is absolute and jurisdictional.  And the legislative history shows that when the one-year limit was initially added,  Congress recognized that it would reduce the ability of defendants to remove some diversity cases, but considered this "a modest curtailment in access to diversity jurisdiction." *See H.R. Rep. No. 100-889,* at 72, *reprinted in* 1988 U.S.C.C.A.N. 5982, 6032-33. In 2011 Congress changed the law, and explicitly created the exception that

---

In 1988, Congress amended this statute to prohibit the removal of diversity cases more than one year after their commencement.  This change was intended to encourage prompt determination of issues of removal in diversity proceedings, and it sought to avoid the disruption of state court proceedings that might occur when changes in the case made it subject to removal.  The change, however, led some plaintiffs to adopt removal-defeating strategies designed to keep the case in state court until after the 1-year deadline passed.  In those situations, some courts have viewed the 1-year time limit as "jurisdictional" and therefore an absolute limit on the district court's jurisdiction.  Other courts have viewed the period as "procedural" and therefore subject to equitable tolling . . . . In light of some ambiguity in the case law . . . , inclusion of statutory language to resolve the conflict is appropriate.

H.R. Rep. No. 112-10, at 15 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580.

defendants argue for here.  But for this Court to create such an exception to the one-year limit in the previous version of § 1446 would improperly contravene the Court's role of interpreting and applying a statute as written by Congress.  I conclude that the limitation in the previous statute was jurisdictional and not subject to any equitable exception.

<u>Affirmative Waiver of Plaintiffs' Right to Remand</u>

Defendant argues that even if their removal occurred outside the one-year time limitation, the plaintiffs waived their right to seek remand by failing to renew their motion during the time that the case was pending in the MDL.  *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 529 (8th Cir. 1996) (noting that a district court retains "discretion to deny [plaintiff's] timely motion to remand on the ground that his prior affirmative conduct in federal court had waived his right to seek remand on non-jurisdictional grounds").

As stated above, I conclude that the one-year time limitation in the previous version of 28 U.S.C. § 1446(b) was a jurisdictional limitation.  Jurisdictional limitations cannot be forfeited or waived.  *Dill v. Gen. Am. Life Ins. Co.*, 525 F.3d 612, 616 (8th Cir. 2008).  Therefore, despite any actions plaintiffs took in the MDL court, they could not have waived their right to seek remand of this case to state court.  This is a court of limited jurisdiction, and I cannot assert jurisdiction where Congress has not provided it.  *See* 28 U.S.C. § 1447(c) (requiring a district court to

remand a case "[i]f at any time before final judgment it appears that the district court lacks subject-matter jurisdiction").

Because defendants removed this case after the one-year time limit expired, removal was untimely.  This case must be remanded back to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [#27] is GRANTED.

**IT IS FURTHER ORDERED** that defendants' motion to transfer venue [#25] and plaintiffs' motion to stay defendants' motion to transfer venue [#28] are DENIED AS MOOT.

**IT IS FURTHER ORDERED** that this case is remanded to the Missouri Circuit Court for the 22nd Judicial Circuit (City of St. Louis) from which it was removed.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of June, 2012.